UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

———————————————————————— )
                                  )
STEFAN M. PRYSTAWIK, PRC Law LLC, )
Assignee Re:  Mrs. Imme Henke,    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    C.A. No. 13-134 S
                                  )
BEGO USA; BEGO BREMER             )
GOLDSCHLAGEREI WILH. HERBST GMBH & )
CO. KG; WEISS HANDELS-UND         )
VERWALTUNGSGESELLSCHAFT GMBH;     )
DIRECTOR HELMUT LASCHUETZA;       )
DIRECTOR CHRISTOPH WEISS; THOMAS  )
KOSIN; and GENERAL MANAGER BILL   )
OREMUS,                           )
                                  )
          Defendants.             )
———————————————————————— )

### OPINION AND ORDER

WILLIAM E. SMITH, United States District Judge.

     Now before the Court is Defendant BEGO USA's Motion to
Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1),
12(b)(3), and Alternatively, Federal Rule of Civil Procedure
12(b)(6) ("Def.'s Mot. to Dismiss").  (ECF No. 8.)  For the
reasons set forth below, that motion is GRANTED.

I.   Background

     On February 26, 2013, Plaintiff Stefan M. Prystawik filed a
pro se complaint against Defendants BEGO USA and BEGO Bremer
Goldschlagerei Wilh. Herbst GmbH & Co. KG ("BEGO GmbH"), among
others.  (ECF No. 1.)  The complaint alleges that Imme Henke, a

resident of Bremen, Germany, suffered discrimination during her employment with BEGO.[1]   The complaint expressly states that the alleged discrimination occurred in Germany.

On September 25, 2012, Henke filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that BEGO USA discriminated against her on the bases of retaliation, sex, age, and disability.  (Ex. 4 to Def.'s Mot. to Dismiss ("Charge of Discrimination"), ECF No. 8-5.)  On December 7, 2012, the EEOC dismissed Henke's charge on the grounds that it was not timely filed.  (Ex. 1 to Compl. ("Dismissal and Notice of Rights"), ECF No. 1-1.)

Before Henke's charge had been dismissed, on November 27, 2012, she assigned her claims against BEGO to Plaintiff Prystawik.  (Ex. 8 to Def.'s Mot. to Dismiss ("Assignment"), ECF No. 8-9.)  Shortly thereafter, on February 26, 2013, Plaintiff filed his pro se complaint in this Court.  Defendant BEGO USA, in turn, moved to dismiss the complaint.  Plaintiff failed to file any opposition to that motion.

II.  Discussion

Because Henke's assignment of her rights to Plaintiff was invalid and because Plaintiff has failed to state a claim under

---

[1] It is not entirely clear from the face of the complaint whether Henke was employed by BEGO GmbH or BEGO USA.  In its motion to dismiss, Defendant contends that she worked only for the former company.

Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"),[2] the Americans with Disabilities Act ("ADA"), or the Genetic Information Non-Discrimination Act ("GINA"), the Court grants Defendant's motion to dismiss.

A. Invalid Assignment

The Court need not decide whether the validity of Henke's assignment to Plaintiff is governed by federal or state law. This is because the assignment is invalid in either case. See Evans v. Boyd Rest. Grp., LLC, 240 F. App'x 393, 398 (11th Cir. 2007) (holding that an individual cannot assign his or her pre-judgment rights pursuant to Title VII under Georgia law or federal common law); Tyler v. Superior Court, 73 A. 467 (R.I. 1909) (holding that personal injury claims cannot be assigned before judgment). Plaintiff does not allege that he personally has suffered any discrimination at the hands of Defendants. Thus, in the absence of a valid assignment, he lacks standing to sue. See Osediacz v. City of Cranston, 414 F.3d 136, 139 (1st Cir. 2005) (stating that, in order to establish standing, a

---

[2] Plaintiff's complaint does not explicitly reference the ADEA. However, because Plaintiff alleges age discrimination, the Court considers that statute out of an abundance of caution.

plaintiff "must demonstrate that [he or] she has suffered an injury in fact").[3]

  B.   Failure to State a Claim[4]

  The federal anti-discrimination statutes' requirements regarding extraterritorial application and employee numerosity are elements that Plaintiff is required to plead and prove.  See Arbaugh v. Y&H Corp., 546 U.S. 500, 504 (2006) ("[T]he employee-numerosity requirement relates to the substantive adequacy of [a] Title VII claim.").  Thus, failure to allege facts sufficient to satisfy these requirements is properly analyzed under Rule 12(b)(6).  Similarly, "Timeliness of exhaustion requirements are best resolved under Rule 12(b)(6)."  Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

---

[3] The Court also notes that the assignment only purported to transfer Henke's rights against "Bego."  (Ex. 8 to Def.'s Mot. to Dismiss ("Assignment"), ECF No. 8-9.)  It is far from clear whether the document refers to BEGO GmbH or BEGO USA.  Moreover, there is no mention of the other Defendants named in the complaint.

[4] In granting the instant motion to dismiss pursuant to Rule 12(b)(6), the Court does not consider any of the affidavits submitted by Defendant.  See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) ("Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint.").  The Court may, however, consider documents filed with and generated by the EEOC.  See Jefferson v. Gates, No. CA 09-537 ML, 2010 WL 2927529, at *1 n.2 (D.R.I. July 2, 2010), report and recommendation adopted, No. CA 09-537 ML, 2010 WL 2927528 (D.R.I. July 22, 2010).

1.   Extraterritorial application

Title VII only applies extraterritorially when "(1) the employee is a United States citizen and (2) the employee's company is controlled by an American employer." Shekoyan v. Sibley Int'l Corp., 217 F. Supp. 2d 59, 65 (D.D.C. 2002), aff'd, 409 F.3d 414 (D.C. Cir. 2005).   This is because the statute expressly states that "[w]ith respect to employment in a foreign country," the term "employee" "includes an individual who is a citizen of the United States."   42 U.S.C. § 2000e(f).   Title VII also does not apply "to the foreign operations of an employer that is a foreign person not controlled by an American employer."   § 2000e-1(c)(2).   A similar analysis applies to the ADEA, see 29 U.S.C. §§ 630(f) and 623(h)(2), the ADA, see 42 U.S.C. §§ 12111(4) and 12112(c)(2)(B), and the GINA, see 42 U.S.C. § 2000ff(2)(A)(i).   Here, Plaintiff's complaint makes clear that the alleged discrimination occurred in Germany. However, Plaintiff does not allege that Henke is a United States citizen or that her employer was controlled by an American employer.   The Court also notes that, while it takes the allegations in Plaintiff's complaint as true for the purposes of ruling on the instant motion, Plaintiff failed to respond in any way to Defendant's contentions that Henke is a German citizen and an employee of BEGO GmbH, a German company.   This would

imply that Plaintiff has no basis to allege the necessary prerequisites, which may explain his silence on this point.

    2.   Minimum number of employees

Federal anti-discrimination statutes also apply only to employers that have a certain minimum number of employees. See 42 U.S.C. § 2000e(b) (fifteen employees); 29 U.S.C. § 630(b) (twenty employees); 42 U.S.C. § 12111(5)(A) (fifteen employees); 42 U.S.C. § 2000ff(2)(B)(i) (fifteen employees). Here, Plaintiff's complaint contains no allegation concerning the number of employees at BEGO GmbH or BEGO USA. In support of its motion to dismiss, BEGO USA asserted that, at all times relevant to this litigation, it has had fewer than fifteen employees. Plaintiff failed to counter this contention. Plaintiff's omission of any allegation concerning the number of Defendants' employees is sufficient to justify dismissal under Rule 12(b)(6). See Evans v. Larchmont Baptist Church Infant Care Ctr., Inc., No. 2:11CV306, 2012 WL 699529, at *3 (E.D. Va. Feb. 29, 2012); Sturdivant v. K & S Sanitation Serv., Inc., Civil No. 3:11CV136-RJC-DSC, 2011 WL 5037194, at *3 (W.D.N.C. May 13, 2011), report and recommendation adopted, Civil No. 3:11-cv-136-RJC-DSC, 2011 WL 5237747 (W.D.N.C. Oct. 24, 2011); Morrow v. Keystone Builders Res. Grp., Inc., Civil Action No. 2:08-4119-CWH, 2010 WL 3672354, at *6-7 (D.S.C. Sept. 15, 2010).

3.   Untimeliness and failure to exhaust

In order to bring suit under the federal anti-discrimination statutes, Plaintiff was first required to file a Charge of Discrimination with the EEOC within, at the very most, 300 days of the alleged discrimination. See 42 U.S.C. § 2000e-5(e)(1), (f)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA); 42 U.S.C. § 12117(a) (ADA); 42 U.S.C. § 2000ff-6(a)(1) (GINA). Here, Henke's charge, which was filed on September 25, 2012, accused BEGO USA of discrimination between May 31, 2006 and March 1, 2011. (Ex. 4 to Def.'s Mot. to Dismiss.) Because all the events complained of occurred more than 300 days before Henke's filing, the EEOC properly dismissed her charge as untimely.

Plaintiff's complaint, unlike Henke's Charge of Discrimination, alleges "ongoing retaliatory action" against Henke through May 30, 2012. (Compl. 7.) At least some of this conduct occurred within 300 days of Henke's charge. However, because Henke did not include these allegations in her filing with the EEOC, they are unexhausted. See Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 31 (1st Cir. 2009) ("The scope of the civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." (internal citation and quotation marks omitted)).   Similarly, Plaintiff's GINA claim is

unexhausted in light of the fact that Henke specifically declined to allege discrimination on the basis of genetic information in her charge.  (Ex. 4 to Def.'s Mot. to Dismiss.)

III. Conclusion

    For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.


/s/ William E. Smith
William E. Smith
United States District Judge
Date:  May 29, 2013