UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
STEFAN M. PRYSTAWIK,               )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 13-134 S
                                   )
BEGO BREMER GOLDSCHLAGEREI         )
WILH. HERBST GmbH & CO. KG;        )
WEISS HANDELS -UND                 )
VERWALTUNGSGESELLSCHAFT;           )
DIRECTOR HELMUT LASCHUETZA;        )
DIRECTOR CHRISTOPH WEISS;          )
THOMAS KOSIN; GENERAL MANAGER      )
BILL OREMUS,                       )
                                   )
        Defendants.                )
_____)

**ORDER ON PLAINTIFF'S MOTION TO ADJOURN AND ORDER TO SHOW CAUSE**

WILLIAM E. SMITH, Chief Judge.

A show cause hearing is set to take place in the above-captioned matter on July 29, 2014 in Providence, Rhode Island. Plaintiff Stefan M. Prystawik has filed a Motion to Adjourn that hearing (ECF No. 30). For the reasons set forth, Plaintiff's Motion to Adjourn is GRANTED, but the Court also takes this opportunity to clarify and renew its previously-issued orders to show cause.

I. Background

Plaintiff, acting pro se, brought this suit as the assignee of Ms. Inne Henke, a German national, against BEGO USA ("BEGO

USA"), BEGO Bremer Goldschlagerei Wilh. Herbst GmbH & Co. KG ("BEGO GmbH"), Weiss Handels –und Veraltungsgesellschaft GmbH ("Weiss GmbH"), Directors Helmut Laschuetza and Christoph Weiss (the "Directors"), Thomas Kosin ("Kosin") and General Manager Bill Oremus ("Oremus"). Though difficult to parse at times, Plaintiff's Complaint seems to assert claims based on alleged age and gender discrimination encountered by Ms. Henke during the course of her employment with BEGO GmbH in Germany.

This Court granted a motion to dismiss filed by BEGO USA on May 30, 2013 based on a defective assignment and Plaintiff's failure to state a claim (ECF No. 13). Plaintiff appealed this dismissal, but failed to respond to an order to show cause issued by the First Circuit. As a result, the First Circuit ordered that the case against BEGO USA be dismissed (ECF No. 25).

On August 2, 2013, while the appeal was pending before the First Circuit, this Court issued its own order directing Plaintiff to show cause as to why the matter should not be dismissed based on Plaintiff's failure to properly serve the remaining defendants, BEGO GmbH, Weiss GmbH, the Directors, Kosin and Oremus, in violation of Federal Rule of Civil Procedure 4(m) (ECF No. 22). Plaintiff responded that he had, in fact, served attorney Douglas A. Darch, a partner at the Chicago office of Baker & McKenzie (ECF No. 23).

2

Because this Court's order to show cause was issued during the pendency of Plaintiff's appeal to the First Circuit, out of an abundance of caution, the Court issued a second order to show cause on February 7, 2014 (ECF No. 28). Plaintiff was again instructed to show cause as to why the matter should not be dismissed based on improper service in violation of Rule 4(m).

II. Discussion

This matter has become confused for several reasons, some of which is the Court's fault. This discussion should clarify the issues, and the Plaintiff will be given one final opportunity to salvage his Complaint. As an initial matter, Plaintiff appears to miscomprehend the service requirements set forth in the Federal Rules of Civil Procedure. Specifically, the Court calls Plaintiff's attention to Federal Rule of Civil Procedure 4(f) which governs service on an individual in a foreign country, as well as Federal Rule of Civil Procedure 4(h) which governs service on both domestic and foreign corporations.

Plaintiff's act of serving Mr. Darch was insufficient to effect service on BEGO GmbH, Weiss GmbH, the Directors, Kosin and Oremus.[1] "Service of process is not effectual on an attorney solely by reason of his capacity as an attorney, [but] [t]he party must have appointed his attorney as his agent for service

---

[1] Indeed, none of these defendants have responded, suggesting they have not received notice of this suit.

of process." Williams v. Jones, 11 F.3d 247, 251 (1st Cir. 1993) (citations omitted). It is true that Mr. Darch was retained to represent BEGO USA in these proceedings. But, he was not retained to represent BEGO GmbH, Weiss GmbH, the Directors, Kosin or Oremus. (See Aff. of Douglas A. Darch, ECF No. 24-2.) Nor was he designated as an agent for service of process for any of these defendants. (Id.) As such, it appears that these defendants have not been adequately served in compliance with the Federal Rules of Civil Procedure.

In this Court's two earlier orders to show cause, Plaintiff was incorrectly instructed to show cause as to how he had complied with Federal Rule of Civil Procedure 4(m). Rule 4(m) provides that "[i]f a defendant is not served within 20 days after the complaint is filed, the court . . . must dismiss the action without prejudice."

Read in isolation, this provision suggests that the suit should be dismissed against the remaining defendants based on ineffective service. However, Rule 4(m) goes on to state that "[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f)." This Court's prior orders to show cause overlooked the fact that all of the remaining defendants appear to be German individuals or corporations.

The Court arguably led Plaintiff astray with its previous orders which suggested that Plaintiff was bound by the

4

requirements of Rule 4(m) when, in fact, that may not be the case.  For this reason, the Court GRANTS Plaintiff's Motion to Adjourn the show cause hearing scheduled for July 29, 2014, and will give Plaintiff an opportunity to show that he has effected service and avoid dismissal.

### Order to Show Cause

On or before **August 22, 2014**, Plaintiff is hereby ordered to show cause, in writing, why this matter should not be dismissed against the above-named defendants for failure to make service in compliance with Federal Rules of Civil Procedure 4(f) and 4(h).


IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date:  July 18, 2014